[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that the marriage between the parties be dissolved. All jurisdictional requirements for its pendency have been met.
The plaintiff was born in Belgium. In 1975 after travelling extensively in Africa, she happened to be in the Canary Islands where she met the defendant. He persuaded her to leave there with him and go to his ancestral home at 1 Southwest Road in Seymour. They lived there together. On April 20, 1982 they were married. There were no children issue of the marriage.
The defendant owned several rent producing properties in Ansonia and Derby and the plaintiff became actively engaged in helping him manage these properties. In 1983 and continuing to 1990 the plaintiff educated herself in real estate matters by taking courses concerning the problems therein at the University of Connecticut, the New Haven Real Estate School and the University of New Haven. She became a salesperson in the Shelton office of the CT Page 6091 Beazley Company and in the Seymour office of the Botti Real Estate Company. At present she has an office in the family home in Seymour under the name of Greco Real Estate. Her license as a broker is numbered 277127. She has had it since 1986.
This action was filed in court on September 9, 1991. It was tried on April 27 and 28, 1994.
The court finds that the marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The defendant had given the plaintiff the property he owned at 20-22 Rockland Avenue in Ansonia. The plaintiff's Financial Affidavit states that a mortgage in the amount of $125,000 is on that property. During the trial the defendant stated that he did not expect to get back his money represented by the mortgage. The court considers this statement as an agreement to release the mortgage on the property. He shall do this forthwith.
The plaintiff's claim for relief dated April 29, 1994 includes a request that the court order the marital home at 1 Southwest Road in Seymour be transferred to the plaintiff. This request is denied. The court also notes that the plaintiff testified that if the court so orders she will move out of that property. She shall have 60 days to do so. This will give her time to make arrangements for her animals on that property.
The property at 25-27 Woodlawn Avenue in Ansonia is awarded to the plaintiff. The defendant shall transfer said property to the plaintiff forthwith. The court notes that there is no mortgage on this property.
The 1987 Cadillac shall belong to the plaintiff and the defendant shall if necessary, take whatever steps are required to transfer the title to that car to her.
The defendant shall pay the balance of the fee of the plaintiff's attorney, forthwith.
The plaintiff testified that she did not want alimony and none is awarded to her.
THOMAS J. O'SULLIVAN, TRIAL REFEREE CT Page 6092